UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22337-Civ-SCOLA

SWIPE FOR LIFE, LLC,

    Plaintiff,

v.

XM LABS, LCC et al.,

    Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

    THIS MATTER is before the Court on the Motion to Dismiss Third Amended Complaint For Lack of Subject Matter Jurisdiction [ECF No. 82], filed by Defendants XM Labs, LLC ("XM") and Kenneth Jacobi ("Jacobi").  After several Complaints and motions to dismiss, this action now consists of just two claims, one for breach of contract against XM and Jacobi and another for breach of guaranty against Jacobi only.  The Defendants seek dismissal of these remaining causes of action under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), arguing that the Court lacks subject matter jurisdiction to adjudicate them.  For the reasons set forth below, this Motion is denied.

**Introduction**

    This action concerns whether Defendants are liable to Plaintiff Swipe for Life, LLC ("Swipe") for chargeback losses incurred by a third-party credit card processor, Cynergy Data, LLC ("Cynergy"), as a result of Defendants' alleged sham business practices.  As part of its electronic processing business, Swipe contracted with Cynergy to solicit merchants to enter into merchant agreements with Cynergy, whereby Cynergy would process credit card charges.  Swipe received a percentage of the fees earned by Cynergy from the referred merchants and in exchange agreed to underwrite uncovered chargeback losses.  Chargeback losses occur when a consumer reverses a credit card transaction due to, for example, dissatisfaction with the merchant's product.  If Cynergy was unable to recover the funds from the merchant, Swipe would eat the chargeback loss.

On March 5, 2009, Cynergy entered into a merchant agreement with XM based upon Swipe's referral.  XM allegedly targeted consumers by offering free samples of supplements in order to obtain their credit card information and then charged the consumers additional amounts without their authorization or approval.  XM allegedly continued to charge consumers beyond the trial period for products that they did not want.  When consumers attempted to contact XM to stop the products and charges, they were allegedly unable to reach customer service.  The consumers were therefore forced to dispute the charges with their credit card companies, resulting in Cynergy then attempting to recover the funds from XM.  According to the allegations, however, XM closed its bank account in order to prevent any recoupment of funds relating to the disputed charges.  Consequently, Cynergy incurred chargeback losses in excess of $1,000,000 for which Swipe was ultimately responsible under its agreement with Cynergy.

On June 1, 2010, Cynergy assigned all right, title, and interest under its merchant agreement with XM to Swipe.  Thereafter, on June 18, 2010, Swipe filed suit against XM and Jacobi in Florida state court.  The action was subsequently removed to federal district court on diversity grounds.  The Complaint has undergone several amendments since its inception, both by agreement of the parties and by consequence of court orders granting dismissal.  Most recently, the predecessor district judge granted in part the Defendants' motion to dismiss the Third Amended Complaint.  Following that order of dismissal, the remaining claims are Count 1, which alleges breach of contract against XM and Jacobi, and Count 7, which alleges breach of guaranty against Jacobi.

Defendants now seek dismissal of these claims on subject matter jurisdiction grounds.  According to Defendants, Swipe lacks standing to prosecute these claims because the assignment from Cynergy was not made by the real party in interest and because Cynergy was made whole before the claims were assigned.  Defendants also argue that Swipe is judicially estopped from claiming standing to prosecute these claims because they were never disclosed by Cyerngy in its bankruptcy proceedings.

## Legal Standards

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1).  *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir.1993).  Subject matter jurisdiction defenses, even if not raised in a prior motion to dismiss, are not subject to waiver.  *See* Fed. R. Civ. P. 12(h)(3); *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012) ("Subject-matter jurisdiction can never be waived or forfeited.

The objections may be resurrected at any point in the litigation[.]"). Indeed, a district court has a continuing obligation to satisfy itself of its jurisdiction and authority to hear and determine every matter. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2004) ("Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'").

The jurisdictional defense asserted here concerns standing. A defendant may attack standing, and hence subject-matter jurisdiction, under Rule 12(b)(1) in two ways – facially or factually. *Principal Life Ins. Co. v. Alvarez*, 2011 WL 4102327, at *2 (S.D. Fla. Sept. 14, 2011). "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint," and "the plaintiff's allegations are taken as true for the purposes of the motion[.]" *Id.* A factual attack, by contrast, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "No presumption of truth attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim." *Principal Life Ins. Co. v. Alvarez*, 2011 WL 4102327, at *2. Unlike facial challenges, factual challenges to subject matter jurisdiction place the burden "on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citations omitted).

## Legal Analysis

### A. Factual Standing Challenge

Defendants' factual standing argument fails to persuade. Defendants contend that Swipe has no standing to assert claims against them because the assignment from Cynergy was void. The Third Amended Complaint alleges that Cynergy assigned all rights under the merchant agreement with Defendants to Swipe in June 2010. According to the Complaint, Cynergy acquired its rights out of the Cynergy bankruptcy. Defendants contend, however, that the rights to the merchant agreement were actually sold out of the bankruptcy estate to another entity, Cynergy Holdings, LLC ("Cynergy Holdings"), in 2009. And, the argument goes, because the rights were sold to another entity prior to the June 2010 conveyance, Swipe acquired no rights or interests in the merchant agreement. Further, they argue, even if the rights remained with the bankruptcy estate after the 2009 sale, only the bankruptcy trustee had the authority to execute the assignment, which it did not do. Thus, according to Defendants, Swipe lacks standing.

Swipe counters with an affidavit from Melanie Ramos, Cynergy's Executive Legal Administrator, ("Ramos Affidavit"), showing the assignment was validly made. The Ramos Affidavit explains that the rights in the merchant agreement were sold out of the bankruptcy to Cynergy Holdings, which then transferred them to a wholly owned subsidiary, Cynergy Operations, LLC, which subsequently changed its name to Cynergy. Aff. ¶¶ 5-9. Thus, the June 2010 assignment to Swipe was effective because, as of the date of the assignment, Cynergy was the lawful holder of all rights under the merchant agreement. *Id.* ¶ 10.

The Court finds that Swipe has carried its burden to counter Defendants' factual attack on its standing. Swipe has submitted an affidavit that is based on the personal knowledge of Cynergy's Executive Legal Administrator, someone who is in a position to know about the course of events in question. Further, she attests to personal familiarity with the matters in her declaration based upon review of Cynergy's corporate business records. This sort of affidavit is clearly admissible and sufficient to establish standing.[1] *See United States v. Kneapler*, 733 F. Supp. 2d 1308, 1315 (S.D. Fla. 2010) (personal knowledge required for affidavit may come from review of business files and records); *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 462 (S.D.N.Y. 2000); *see also* Fed. R. Evid. 701 advisory committee's note.

By contrast and by its own admission, Defendants did not scour the bankruptcy docket, Mot. at 11, n. 50, and made only a "cursory examination" of the initial sales agreement from the bankruptcy estate. Mot. at 5. Indeed, Defendants admit they are resting instead on "information and belief" and a hope that "surely Cynergy and/or its assignee will be able to correct Defendants" as to any mistake. *Id.* at 11 n.50. This will not do. The Defendants have not come forward with any affirmative extrinsic evidence to rebut Swipe's sworn submission. *See Flexiteek Americas, Inc. v. Plasteak, Inc.*, 626 F. Supp. 2d 1251, 1258-59 (S.D. Fla. 2009). Accordingly, the Court rejects the argument that the assignment was not validly made by a real party in interest.

---

[1] The Court is not persuaded by Defendants' argument that the Ramos Affidavit contains improper lay opinion testimony, relies on hearsay, and is not based on personal knowledge. *See Koncul Enters., Inc. v. Nationscredit Fin. Servs. Corp.*, 2001 WL 34052996, at *5-*6 (S.D. Ga. Aug. 13, 2001). Any portions of the Ramos Affidavit constituting legal conclusions have been disregarded by the Court, *see Owens v. City of Fort Lauderdale*, 174 F. Supp. 2d 1282, 1294-95 (S.D. Fla. 2001), but that does not taint the entire affidavit, *see Gaston v. Home Depot USA, Inc.*, 129 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001). Other portions may be, and have been, considered. *See Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1319-20 (S.D. Fla. 2004); *Gaston*, 129 F. Supp. 2d at 1361.

### B. Facial Standing Challenge

The Court likewise rejects Defendants' facial attack on Swipe's standing. Defendants contend there is no injury-in-fact because Swipe fully paid Cynergy for all chargeback losses relating to XM prior to the assignment of claims. According to Defendants, Cynergy was therefore "made whole" by Swipe prior to the assignment, which defeats Swipe's standing in this case. The Court disagrees.

The principal problem with this argument is that it fails to distinguish between XM's alleged breach of *its* contract with Cynergy and the obligations that Swipe owed to Cynergy under an entirely *separate* agreement. Under Swipe's contract with Cynergy, it promised to cover all chargeback losses that were unrecoverable from any merchant, such as XM. Thus, when Swipe paid Cynergy for chargebacks that Cynergy could not collect from XM, Swipe satisfied its own debt under its own contract. Although Swipe's obligation to pay under its contract with Cynergy was triggered by XM's failure to cover the chargebacks, Swipe's payment did not, and indeed could not, serve as some kind of release as to XM's obligations under its separate contract. Nor did it, or could it, relieve XM from the consequences of any breach of its contract it may have committed. Such a result would muddle separate contractual obligations and lead to the absurd result that Swipe's satisfaction of its own contractual obligation somehow released XM from the consequences of its failure to honor a separate contractual agreement.

The Eleventh Circuit's decision in *Nova Information Systems, Inc. v. Greenwich Insurance Co.*, 365 F.3d 996 (11th Cir. 2004) ("*Nova*"), upon which Defendants rely, is not on point. First of all, the assignment, by its terms, calls for the application of New York law. *See* Assignment ¶ 5 [ECF No. 64-4]. Defendants' reliance on *Nova* is therefore misplaced, as that case purports to apply Florida law. Defendants have failed to cite any New York cases supporting their position. In addition, *Nova* involved different facts and different players. There, the Eleventh Circuit held that a credit card processing company could not assert claims assigned to it by consumers against a defunct merchant's insurer because the consumers had been made whole by the merchant bank before they assigned their claims to the credit card processing company. The merchant bank's act of refunding the consumers' accounts cut off the credit card processing company's later right to recovery after assignment.

In this case, Swipe is not attempting to stand in the shoes of any consumers who received full refunds from their credit card companies or merchant banks. *Cf. In re Premier Operations*, 294 B.R. 213, 221 (S.D.N.Y. 2003) ("the customer may already have been made whole by *other*

parties – for instance, as here, the Card–Issuing Bank – and thus may have no claim left that could be validly assigned [to the credit card processing company]") (emphasis supplied).  The question here is whether Swipe's payment to Cynergy under separate contract had the effect of making Cynergy whole for wrongs caused by XM.  The Court finds that it did not.  Swipe's payment before assignment satisfied Swipe's *own* debt to Cynergy under *their* contract; it did not make Cynergy whole for XM's alleged breach, nor did it release XM from the consequences of its breach.

In addition, unlike the credit card processing company in *Nova*, Swipe had no direct contractual relationship with the merchant, here XM, that would permit recovery directly from XM absent an assignment from Cynergy, the only party in privity.  The party unable to pursue the assigned claims in *Nova* was not without recourse; it could have independently pursued its own contractual rights directly against the merchant.  *See In re Premier Operations*, 294 B.R. at 221-22.  In this case, however, Swipe had no contract with XM and the predecessor district judge previously dismissed Swipe's own claim for extra-contractual relief under an unjust enrichment theory.  The judge found that "Defendants have not been unjustly enriched in a manner separate and apart from the conduct giving rise to the breach of contract claim."  *See* Order at 11 [ECF No. 73].  Defendants urged this ruling by arguing that Swipe, through the unjust enrichment claim, was "seek[ing] to recover the same relief on a written contract."  *See* Mot. to Dismiss at 11 [ECF No. 65].  Defendants cannot have it both ways.  The Court refuses to hold that Swipe is barred from pursuing an extra-contractual claim because it has an available contract claim, and also that it is barred from seeking relief on the basis of that contract.

Alternatively, the Court finds that even if Swipe's payment to Cynergy extinguished its standing as to the amount paid, it did not do so with respect to any potential consequential damages or interest accruing in the interval between XM's breach and Swipe's payment.  Swipe would at least have standing to seek recovery of these damages, if any, under its assigned breach of contract theory.  *See Signal Tech., Inc. v. Pennsummit Tubular, LLC*, 2010 WL 3033720, at *4 (S.D. Fla. Aug. 3, 2010) ("Damages which flow naturally from the breach, and were foreseeable by the breaching party at the time the contract was entered, are recoverable."); *Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, 819 F. Supp. 2d 230 (S.D.N.Y. 2011) (non-breaching party may recover "general (or direct) damages, which compensate for the value of the promised performance, and consequential damages, which are indirect and compensate for additional losses incurred as a result of the breach") (citations omitted).

Finally, even if Cynergy was made completely whole for XM's breach by Swipe's payment under separate agreement, that would not destroy Swipe's standing to assert the assigned claims because nominal damages remain available. It is well settled that a party may pursue an action for breach of contract even in the absence of, or inability to properly prove, actual damages. *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1418 (11th Cir. 2011); *Versatile Housewares*, 819 F. Supp. 2d at 230. In such a case, the plaintiff is entitled to nominal damages because "there is a legal remedy for every legal wrong and, thus, a cause of action exists for every breach of contract," even for "an aggrieved party who has suffered no damage[.]" *AMC/Jeep of Vero Beach, Inc. v. Funston*, 403 So.2d 602, 605 (Fla. 4th DCA 1981).

For these reasons, the Court does not find dismissal appropriate on account of Defendants' facial challenge to standing.

### C. Judicial Estoppel Challenge

The Court also disagrees that Swipe is judicially estopped from asserting standing. Defendants contend that Cynergy never listed in the bankruptcy proceeding any potential claim it may have had against XM and Jacobi and, consequently, Swipe is now judicially estopped from asserting any such claims. Having represented one thing to the bankruptcy court, Defendants argue, Cynergy (through Swipe, its assignee) cannot now claim something else. Defendants also argue that the bankruptcy record actually shows Cynergy was indebted to XM, not the other way around, by about $60,000.

But even Defendants admit that this argument is based on speculation. Indeed, Defendants concede they did not take the time to fully review the bankruptcy docket, resting instead on "information and belief" and a hope that "surely Cynergy and/or its assignee will be able to correct Defendants" if mistaken. Mot. at 11 n.50. This attempt to pass off work onto the non-moving party exhibits an abject lack of diligence, and it will not do. The Court will not infer a lack of standing or dismiss Swipe's claims on the basis of an unsubstantiated, half-cocked argument.

As for the contention that XM was actually a creditor of Cynergy, Swipe has properly answered that claim through the Ramos Affidavit and through the explanation provided in its papers. Thus, Defendants' judicial estoppel argument fails.

**Conclusion**

For the reasons explained above, the Court will not dismiss Swipe's remaining claims on standing grounds.  Accordingly, it is hereby **ORDERED and ADJUDGED** that the Defendants' Motion to Dismiss [ECF No. 82] is **DENIED**.  In light of this ruling, Swipe's Motion for Oral Argument [ECF No. 89] is **DENIED AS MOOT**.

**DONE and ORDERED** in chambers at Miami, Florida on April 13, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
*Counsel of record*