UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22337-Civ-SCOLA

SWIPE FOR LIFE, LLC,

    Plaintiff,

v.

XM LABS, LCC et al.,

    Defendants.
_____/

**ORDER ON MOTION TO STRIKE DEFENDANT
XM LABS'S ANSWER AND FOR DEFAULT JUDGMENT**

THIS MATTER is before the Court on the Motion to Strike Defendant XM Labs, LLC's Answer and Affirmative Defenses and for Default Judgment [ECF No. 131], filed by Plaintiff Swipe for Life, LLC ("Swipe"). This Motion is granted in part.

After several Complaints and motions to dismiss, this action consists of just two claims, one for breach of contract against Defendants XM Labs, LLC ("XM") and Kenneth Jacobi ("Jacobi"), and another for breach of guaranty against Defendant Jacobi only. The case has been stayed as against Defendant Jacobi because of a pending bankruptcy proceeding. The Court previously granted a motion to withdraw as counsel filed by XM's attorneys and directed XM to obtain new counsel by June 11, 2012.

XM failed to obtain new counsel by said date, which prompted the instant Motion by the Plaintiff. Swipe argues that "as XM Labs has failed to obtain new counsel in violation of this Honorable Court's Order, and is forbidden from representing itself before this Honorable Court, XM Labs' answer and affirmative defenses should be stricken, and a default judgment should be entered against XM Labs." Mot. ¶ 10. Swipe asks the Court to strike XM's answer and to enter a default judgment against XM "for liability and damages in the amount of One Million Thirteen Thousand One Hundred Eighteen Dollars and 78/100 ($1,013,118.78)," plus interest, attorney's fees, and costs. *Id.* ("WHEREFORE Clause").

After Swipe filed its Motion, the Court entered an Order to Show Cause giving XM one last chance to obtain counsel, by July 11, 2012, under threat of default. The Court's order expressly advised, "***Failure to comply may result in the striking of Defendant's pleadings and a Default being entered against it, without further notice.***" A copy of the order was mailed to XM at the address of record, but was returned undeliverable. No other known address is available. XM has failed to respond to the Order to Show Cause or to otherwise indicate that it is still actively participating in this action.

In light of this state of events, the Court is of the opinion that XM's answer and affirmative defenses must be striken and a default entered against it. That said, Swipe has failed to make the necessary showing to obtain a default final judgment and, particularly, an award of damages, at this time. Motions seeking monetary relief by default judgment must be properly supported, or there must be an evidentiary hearing so that the Court can make a determination as to damages. Swipe's Motion is not supported at all, and does not ask for a damages hearing. Moreover, the Court is concerned about the question of joint and several liability as to the breach of contract count against both XM and Jacobi.

Therefore, in light of these concerns, the Court hereby directs Swipe to adhere to the following procedures and make the appropriate supplemental filing by **July 30, 2012**:

1. Here, there are multiple Defendants. If there are no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiff shall file a *Motion for Default Final Judgment*. Plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability. The *Motion for Default Judgment* must include affidavits of any sum certain due from the Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. The proposed order also **shall be emailed to the Court in Word (.doc) format** at scola@flsd.uscourts.gov. Plaintiff shall send a copy of the *Motion* to Defendants and/or their counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

2. Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default judgment against Defendants, as described in (1) above, no later than **fourteen days thereafter.**

3. Plaintiff's failure to file for a *Motion for Default Judgment* or *Notice of Joint Liability* within the specified time will result in a **dismissal without prejudice** as to these Defendants.

## Conclusion

For the reasons explained above, it is hereby **ORDERED and ADJUDGED** that the Motion to Strike Defendant XM Labs, LLC's Answer and Affirmative Defenses and for Default Judgment [ECF No. 131] is **GRANTED IN PART.** The Court **STRIKES** XM's Answer and Affirmative Defenses, but does not enter Final Default Judgment in Plaintiff's favor at this time. Plaintiff shall submit either a renewed and properly supported *Motion for Default Judgment*, or a *Notice of Joint Liability* **by July 30, 2012**. Plaintiff shall attempt to serve a copy of this Order on XM, given the Court's inability to reach XM at the address of record.

**DONE and ORDERED** in chambers at Miami, Florida on July 16, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Counsel of record*; *U.S. Magistrate Judge*